IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY JEFFERSON, #738882 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv145 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied on the merits. The Director has filed objections to the Report and Recommendation. The Petitioner has filed objections to the Director's objections.

The Report and Recommendation of the Magistrate Judge, which contain his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the parties, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

The issue in this case is whether the Petitioner was entitled to street time pursuant to Tex. Gov't Code § 508.283. The Director argued in the objections that the petition should be denied as time-barred. Magistrate Judge Love found that the petition was not time-barred. The Director initially argued that the petition is time-barred because the Petitioner signed a mandatory supervision certificate on January 12, 2001, acknowledging that he would not be given street time credit. The Director thus argued that the factual predicate under 28 U.S.C. § 2244(d)(1)(D) should be January

1

12, 2001. Section 508.283 was not enacted, however, until after the Petitioner signed the mandatory supervision certificate. It concerned revocations that occurred on or after September 1, 2001. *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004). The Director may not ignore a law enacted by the Texas Legislature that gave parolees a protected liberty interest in street time based on a preexisting contract. The Petitioner was not precluded from seeking relief based on a statute that was enacted and went into effect after he signed a mandatory supervision certificate.

The Director also argued that the deadline for the Petitioner to file the present petition should not have been tolled by the pendency of the time dispute resolution. He argued that the Fifth Circuit held that a special review does not toll the limitations period. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). The Director has misrepresented the holding of the Fifth Circuit. The Fifth Circuit simply held that a petitioner was not entitled to tolling for the time a special review was pending before the Parole Board to be considered for parole. *Id.* The Fifth Circuit clearly distinguished between the regulation creating a special review before the Parole Board and statutes requiring petitioners to obtain a written decision from an administrative procedure regarding time questions before filing state habeas petitions. *Id.* The Fifth Circuit clearly distinguished between the two type of situations. The Director's argument trying to extend *Wion* to the type of situation specifically distinguished by the Fifth Circuit is frivolous.

The Director's various objections lack merit. The present petition should not be dismissed as time-barred. Nonetheless, the Petitioner is not entitled to relief based on the merits of the petition. He is not entitled to credit for street time based on the application of Section 508.283. The Petitioner was convicted of the offense of aggravated robbery, and aggravated robbery was one of the enumerated offenses for which an inmate may not receive credit for street time. The Report and

Recommendation correctly addressed this issue, as well as the statute of limitation issues raised by the Director. Thus the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 21st day of September, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**